UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 05-CV-4275 (JFB) (ARL)

———————————

SUSAN BLAIZE-SAMPEUR AND FRANTZ SAMPEUR,

Plaintiffs,

VERSUS

MAURICE MCDOWELL, LOST AND FOUND RECOVERY, INC.,
HOME MERGERS, L.L.C., POUI LAND SERVICES, L.L.C., SOFYA LEVY,
DONNAHUE GEORGE, TOM MOONIS, CARIANNE JOHNSON,
SOUTHERN STAR MORTGAGE CORP., FIRST NATIONAL BANK
OF ARIZONA, AURORA LOAN SERVICES, INC., AND CHATEAU PROPERTIES,

Defendants.

———————————

MEMORANDUM AND ORDER
June 29, 2007

———————————

JOSEPH F. BIANCO, District Judge:

Currently before this Court is plaintiffs' request for dismissal of their complaint against four of the named defendants without prejudice. The four named defendants at issue oppose plaintiffs' request and seek dismissal of the claims against them with prejudice as a result of the defendants' success in dismissing plaintiffs' claims against them pursuant to Rule 12.

I. BACKGROUND

On September 8, 2005, plaintiffs Susan Blaize-Sampeur and Frantz Sampeur[1] (hereinafter "plaintiffs"), represented by counsel, filed a complaint in the instant action against defendants Maurice McDowell, Lost and Found Recovery, Inc., Home Mergers, LLC, Poui Land Services, LLC, Sofya Levy,

---

[1] When the complaint was filed Jacqueline Brown was also a party to the action. However, by letter dated June 14, 2006, Jacqueline Brown informed the Court that she is not a party to this action. Thus, she was subsequently terminated from this case.

Donnahue Goerge, Tom Moonis ("Moonis"), Carianne Johnson, Southern Star Mortgage Corp. ("Southern Star"), First National Bank of Arizona ("FNBA"), Aurora Loan Services, Inc. ("Aurora"), and Chateau Properties. Plaintiffs' complaint asserts state law fraud claims and violations of the Racketeering Influenced and Corrupt Organization Act against all defendants. (Compl. ¶¶ 90, 95-98, 99-102, 103-132.) On March 2, 2006, the Court received an *ex parte* letter from counsel for plaintiffs requesting permission to withdraw as counsel. By Order dated March 2, 2006, the Court granted the request and gave plaintiffs additional time to secure new counsel. Plaintiffs were unable to secure new counsel and instead have proceeded with this action *pro se*.

Thereafter, defendants Aurora and Southern Star moved for judgment on the pleadings pursuant to Rule 12(c) and defendants Moonis and FNBA moved to dismiss pursuant to Rule 12(b)(6) (hereinafter defendants Aurora, Southern Star, Moonis and FNBA will be referred to as "the four defendants"). By Memorandum and Order dated October 18, 2006, the Court granted defendants' motions without prejudice. The Court granted plaintiffs thirty days to amend their complaint and warned that a failure to amend would result in dismissal of the action with prejudice as against the moving defendants. By affidavit dated November 15, 2006, plaintiffs requested an extension of time to file an amended complaint. Over defendants' objections, the Court granted plaintiffs' request, and required plaintiffs to file an amended complaint by February 9, 2007. In that Order, the Court warned that "no further extensions of time [would] be granted." (*See* Docket Entry # 65.) By letter dated February 9, 2007, plaintiff requested that the action be dismissed *without prejudice*.[2] In response, moving defendants all filed letters seeking to have this Court deny plaintiff's request for dismissal without prejudice. The Court held a telephone conference on April 2, 2007, and sought briefing from the parties on the issue of whether to dismiss the action with or without prejudice. The Court specifically directed defendants to Federal Rule of Civil Procedure 41 on the issue of dismissal without prejudice. In response to plaintiffs' April 27, 2007 letter in opposition to defendants' motion to dismiss, by Order dated May 18, 2007, the Court sought clarification from plaintiffs as to whether they were seeking to dismiss the action without prejudice in its entirety or as against the defendants only. (*See* May 18, 2007 Order.) By letter dated June 6, 2007, plaintiffs clarified that they do not seek to withdraw the action in its entirety; rather, they seek dismissal of the action without prejudice only as to the four defendants.

---

[2] The Court attaches no significance to the fact that plaintiffs incorrectly labeled their motion seeking dismissal without prejudice, a "motion in opposition." (*See* Pl.'s Feb. 9, 2007 Motion.) It is clear from the face of the document, as evidenced by the flurry of letters by defendants in response, that plaintiffs are seeking dismissal of the action against the four defendants without prejudice. *See, e.g.*, *Roddy v. Dendy*, 141 F.R.D. 261 (D. Miss. 1992) ("Although the document filed by [plaintiff] was denominated a Motion for Voluntary Dismissal rather than a notice of dismissal as specified in Rule 41(a)(1), the Court finds this distinction to be without legal significance since the effect desired by [plaintiff] in filing the document with the Court was clearly to have his claims dismissed without prejudice.").

2

II. Discussion

A. FNBA, Moonis, Southern Star and Aurora

Defendants argue that Federal Rule of Civil Procedure 41 does not apply to the instant action because plaintiffs seek dismissal of fewer than all defendants. Rule of 41 provides:

> a) Voluntary Dismissal: Effect Thereof.
>
> (1) By Plaintiff; By Stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.
>
> (2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

In *Harvey Aluminum, Inc.*, the Second Circuit stated that, based on the language in Rule 41(a)(1) that refers to "an action," Rule 41(a)(1) may not be invoked as to fewer than all defendants; rather, the rule is intended only for the voluntary dismissal of an entire action. *Harvey Aluminum, Inc. v. Am. Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir. 1953). However, subsequently, in *Wakefield*, the Second Circuit addressed a dismissal under Rule 41(a)(2) and disavowed the *Harvey Aluminum* decision that required dismissal of an *entire* action, noting that it "has been criticized and is now against the weight of authority." *Wakefield v. Northern Telecom, Inc.*, 769 F.2d 109, 114 n.4 (2d Cir. 1985). Though *Wakefield* did not expressly overrule *Harvey Aluminum*, district courts within the Second Circuit have since adopted the approach of the majority of courts in other circuits – that is, that Rule 41(a) does not require dismissal of the action in its entirety. *See Morron v. City of Middletown*, No. 05-CV-1705 (JCH), 2006 U.S. Dist. LEXIS 32457, at *4 (D. Conn. May 23, 2006) ("[W]here a party has not yet served an answer or a motion for summary judgment, a plaintiff has the unilateral right to dismiss an action against a particular defendant."); *Guigliano v. Danbury Hosp.*, 396 F. Supp. 2d 220, 224 (D. Conn. 2005) (allowing plaintiff to dismiss a single defendant pursuant Rule 41(a)(1)); *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 216 F.R.D. 29, 36 (E.D.N.Y. 2003)

3

(dismissing claims against certain defendants without prejudice pursuant to Rule 41(a)); *Reetz v. Jackson*, 176 F.R.D. 412, 413 n.2 (D.D.C. 1997) (stating that court need not dismiss an entire action pursuant to Rule 41(a)(2)); *Mutual Benefit Life Ins. Co. in Rehabilitation v. Carol Mgt. Corp.*, No. 93-CV-7991 (LAP), 1994 WL 570154, at *1 (S.D.N.Y. Oct. 13, 1994) (stating that the aspect of *Harvey Aluminum* that holds that Rule 41 allows for dismissal of entire actions, rather than specific claims, "has been criticized and rejected by courts and commentators alike, including the Court of Appeals itself") (citing *Wakefield*, 769 F.2d at 114 n.4 ); *Mondejar v. Dow Chem. Company*, No. 97-CV-62 (JG), 1998 WL 812577, at *4 n.5 (E.D.N.Y. April 29, 1998) (noting that *Harvey Aluminum* is no longer persuasive authority in restricting Rule 41 to "actions"); *General Foods Corp. v. Jay Zimmerman Co.*, No. 86-CV-2697 (KMW), 1990 WL 115714, at *2 (S.D.N.Y. Aug. 7, 1990) ("The weight of authority holds that, pursuant to Fed. R. Civ. P. 41(a)(1), a plaintiff may dismiss its claims against less than all defendants in a multi-defendant case."); *see also Plains Growers, Inc. by Florists'Mut. Ins. Co. v. Ickes–Braun Glasshouses, Inc*., 474 F.2d 250, 254 (5th Cir. 1973) ("There is little merit in an argument that the court could not dismiss the action as to less than all defendants upon motion, and yet there is nothing in the Rule to indicate an intent to make the word 'action' mean 'all' in 41(a)(1) and mean less than 'all' in 41(a)(2).").

Consistent with the majority position, this Court holds that Rule 41 allows a plaintiff to withdraw an action as to fewer than all defendants. Accordingly, the Court turns to the factors that must be considered by a court in deciding whether to exercise its discretionary authority to grant a motion to dismiss pursuant to Rule 41(a)(2).[3] *D'Alto v. Dahon Cal., Inc*., 100 F.3d 281, 283 (2d Cir. 1996) ("Rule 41(a)(2) dismissals are at the district court's discretion and only will be reviewed for an abuse of that discretion."). These factors include: "[1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss." *Catanzano v. Wing*, 277 F.3d 99,

---

[3] Neither FNBA nor Moonis filed an answer in the instant action. "As the plain terms of Rule 41(a)(1)[]establish, a plaintiff has an absolute right to dismiss a lawsuit before the defendant has filed an answer or summary judgment motion." *Carter v. U.S.*, 547 F.2d 258, 259 (5th Cir. 1977) (rejecting defendants' assertion that a motion to dismiss should be treated as an answer for purposes of Fed. R. Civ. P. 41(a)(1) and holding that district court erred in failing to dismiss a case *without* prejudice pursuant to plaintiff's request in accordance with Fed. R. Civ. P. 41(a)(1)); *see also Katzman v. Amer. Airlines, Inc.*, No. 97-CV-8321 (JSM), 1997 U.S. Dist. LEXIS 19303, at *2 (S.D.N.Y. Dec. 4, 1997) ("Rule 41(a)(1)(I) gives plaintiff an absolute right to dismissal if filed before an answer or summary judgment motion."). Thus, as to FNBA and Moonis, plaintiff has an absolute right to withdraw the action under Fed. R. Civ. P. 41(a)(1). In any event, even assuming *arguendo* that these two defendants did not fall under Rule 41(a)(1), the Court also finds that dismissal without prejudice is warranted as to these defendants pursuant to Rule 41(a)(2), for the reasons stated *infra* as to all four defendants.

4

109-10 (2d Cir. 2001) (quoting *Zagano v. Fordham Univ*, 900 F.2d 12, 14 (2d Cir. 1990)); *accord Ibeto Petrochemical Indus. v. M/T Beffen*, 475 F.3d 56, 61 (2d Cir. 2007); *see also D'Alto*, 100 F.3d at 283 ("A voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed 'if the defendant will not be prejudiced thereby.'") (quoting *Wakefield*, 769 F.2d at 114).

With respect to the first two factors, the Court notes that plaintiffs were represented by counsel when this action was filed in September 2005. As stated above, counsel was relieved by Order of this Court on March 2, 2006. Because plaintiffs were unable to secure counsel, plaintiffs proceeded *pro se* in opposing defendants' motions to dismiss. *Pro se* plaintiffs learned of the deficiencies in their complaint when this Court dismissed the Complaint by Memorandum and Order dated October 18, 2006. By letter dated February 8, 2007, rather than file an amended complaint, plaintiffs requested dismissal of the action without prejudice as to the four defendants. The Court finds that plaintiffs were sufficiently diligent in requesting dismissal and have timely responded to this Court's orders.[4] Plaintiffs chose not to attempt to file a potentially defective second amended complaint, thereby further dragging out the litigation; rather, plaintiffs evaluated their options and determined that they do not want to proceed at this time. Thus, it appears that plaintiffs are operating in good faith by acknowledging that they do not have sufficient allegations at this time to correct the pleading deficiencies in the claims asserted in the original complaint (when they had counsel), but would like to preserve their ability to re-initiate a lawsuit should they ever be in a position to overcome these defects.[5]

Defendants assert that any claims against them are frivolous. However, "'if the claims against the . . . defendants are frivolous, vexatious, or lack merit, that issue can be adequately addressed' if the action is refiled." *Protect-A-Bub USA, LLC v. D'Arcy*, No. 05-CV-6092 (JCF), 2006 U.S. Dist. LEXIS 32503, at *4 (S.D.N.Y. May 23, 2006) (quoting *Team Obsolete*, 216 F.R.D. at 37.). Thus, the first and second factors do not warrant denying plaintiffs' motion to dismiss without prejudice.

The third and fourth factors address the potential prejudice to the defendants. The Court finds defendants' limited assertions of prejudice unavailing. At most, defendants claim that they are prejudiced as this action remains pending against them and they continue to incur fees. However, once this action is dismissed, whether it be with or without prejudice, the prejudice will be eliminated as the four defendants will no longer remain parties to the action. To the extent that defendants fear re-litigation, such concern is insufficient to support denial of plaintiffs' motion because, "[t]he United States Supreme Court recognized long ago that starting a litigation all over again does not constitute legal prejudice." *D'Alto*, 100 F.3d at 283 (citing *Jones v. Sec. & Exch. Comm'n*, 298 U.S. 1, 19 (1936) ("The general rule is settled for the federal tribunals that a plaintiff possesses the unqualified right to dismiss his

---

[4] Though plaintiffs' response to this Court's most recent order was filed approximately one week late, *pro se* plaintiffs provided an adequate explanation for the delay and responded to the Order the day they received it. (*See* Pl.'s June 6, 2007 Letter.)

[5] Of course, any such future action would have to be initiated within the applicable statute of limitations.

5

complaint . . . unless some plain legal prejudice will result to the defendant other than the mere prospect of a second litigation upon the subject matter."). Here, though the parties briefed a motion to dismiss, that motion was granted and the action has not proceeded such that defendants would be prejudiced by re-litigation. *See e.g.*, *Comunidad Autonoma Del Pais Vasco v. Am. Bureau of Shipping, Inc*., No. 04-CV-0671 (LTS), 2006 U.S. Dist. LEXIS 55822, at *9 (S.D.N.Y. Aug. 4, 2006) (recognizing that "[t]hose courts that have granted dismissal only with prejudice have done so in large part because the motion to dismiss was brought, if not at the eve of trial, at a point after substantial discovery had been completed and trial was near certain," but finding that defendants would be prejudiced given the progression of the proceedings in light of substantial motion practice in connection with a stay or transfer and the completion of very substantial discovery) (collecting cases); *see also Tekula v. Suffolk County Cmty. Coll.*, No. 02-CV-5145 (ADS), 2004 U.S. Dist. LEXIS 23735, at *5 (E.D.N.Y. Nov. 24, 2004) (adopting magistrate's report and recommendation granting voluntary dismissal without prejudice pursuant to Rule 41(a)(2) and stating that "[a]lthough the action is over two years old and the Plaintiff has failed to comply with discovery requests, the suit has not progressed to the point where the Defendants have expended efforts and expense in preparation for trial"). In fact, defendants continue to assert that plaintiffs' claims are entirely without merit; if such is the case, defendants will again be readily able to set forth their same arguments on a motion to dismiss in any subsequent action. *See Harlem Teams for Self-Help, Inc. v. Abyssinian Baptist Church of the City of N. Y.*, 189 F.R.D. 284, 286 (S.D.N.Y. 1999) ("To the extent that Plaintiff's case proves to be as 'frivolous' as Defendants claim, Defendants will be able readily to re-group and re-assert their argument, if, as and when the action were to be brought again in the future."). Furthermore, defendants are protected by any applicable statute of limitations. Thus, after considering any duplicative expense from re-litigation and other similar issues potentially impacting defendants, the Court finds that defendants will not suffer unfair prejudice from a dismissal without prejudice.

As to the fifth factor, plaintiffs' reason for seeking dismissal without prejudice is their apparent concern that the action was brought too soon, and that, if given more time, they will be able to determine whether they have ample allegations to adequately state their claims in a complaint against all or some of the four defendants. Plaintiffs have referred to an alleged governmental investigation and assert that they seek the opportunity to bring claims at the conclusion of that investigation, if such action is warranted. Plaintiffs do not appear to be engaged in a vexatious strategy of delaying the instant action in order to bring a future frivolous lawsuit; rather, plaintiffs' reasons support a conclusion that plaintiffs are not inclined to file an action at a later date unless they obtain additional information and have substantial reason to believe a complaint will survive a motion to dismiss.

Defendants rely heavily on this Court's prior Orders on October 18, 2006 and November 15, 2006, which warned that plaintiffs would have thirty days to amend their pleading, "or the dismissal will be deemed with prejudice" and that "no further extensions of time will be granted," respectively. However, the orders were not intended to prejudice *pro se* plaintiffs by requiring plaintiffs to proceed despite their apparently good faith conclusion that

proceeding *pro se* at this time would not be prudent; rather, the orders were intended to prevent plaintiffs from failing to diligently manage the action.[6] That plaintiffs now seek to withdraw their claims as against these four defendants prior to filing an amended complaint does not warrant a different result.[7]

In sum, after carefully weighing all the applicable factors under the particular circumstances of this case, the Court exercises its discretionary authority to dismiss this case without prejudice against the four defendants. *See Connor v. Corporate Life Consultants*, No. 06-CV-2831 (JRS), 2006 U.S. Dist. LEXIS 71392, at *3-4 (E.D. Pa. Sept. 29, 2006) (dismissing case without prejudice pursuant to Rule 41(a)(2)).[8]

### B. Remaining Defendants

Based upon a review of the docket sheet, it is unclear whether defendants Maurice McDowell, Lost and Found Recovery, Inc. Home Mergers, LLC, Poui Land Services, LLC, Sofya Levy, Donnahue George, Carianne Johnson, and Chateau Properties were served with the summons and complaint. None of the above listed defendants have appeared in this action. Federal Rule of Civil Procedure 4(m) provides that, "if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specific time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for an appropriate period." Fed. R. Civ. P. 4(m). In the absence of an explanation or reasonable excuse for failure to serve, dismissal of the complaint without prejudice as to these defendants is warranted. *Astarita v. Urgo Butts & Co.*, No. 96-CV-6991 (PKL), 1997 U.S. Dist. LEXIS 8112, at *14 (S.D.N.Y. June 10, 1997) (dismissing complaint where plaintiff failed to serve defendants within 120 days of filing

---

[6] Plaintiffs were represented by an attorney when this action was filed. It is apparent that, though plaintiffs attempted to proceed *pro se* as a result of the withdrawal of their attorney, plaintiffs are not prepared to continue *pro se* at this time against these four defendants.

[7] In fact, plaintiffs could address defendants' technical concerns regarding this Court's prior orders by filing an amended complaint and thereafter immediately filing a motion to dismiss without prejudice pursuant to Rule 41(a). However, the Court finds that such a procedure is both unnecessary and undesirable. *See e.g.*, *Wynn v. Nat'l Broadcasting Co.*, No. 00-CV-11248 (SVW), 2002 WL 31681865 (C.D. Cal. Mar. 6, 2002) (acknowledging voluntary dismissal pursuant to Rule 41(a)(1) of claims already dismissed without prejudice). Thus, plaintiff may seek dismissal of those claims that were previously dismissed without prejudice. Furthermore, though this Court warned that dismissal would be with prejudice, as is clear from the flurry of letters from defendants seeking such dismissal, the action was never in fact dismissed with prejudice.

[8] Defendant Moonis asserts that Rule 41 is inapplicable here and Rule 21 applies instead. Rule 21 provides "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. An analysis under Rule 21 does not change this Court's conclusion. For the same reasons stated *supra* with respect to Rule 41(a)(2), the Court finds that the four defendants should be dismissed from this action without prejudice.

7

complaint and offered no explanation); *Mahadi v. Johnson Controls, Inc.*, No. 02-CV- 1256 (ILG), 2003 U.S. Dist. LEXIS 8234, at *6-*7 (E.D.N.Y. April 25, 2003) (finding that an "action may be dismissed without prejudice" where over 230 days passed between filing of complaint and service on defendant, and plaintiff "made no effort to show why the failure of timely service should be excused"). Pursuant to Rule 4(m), the Court now directs plaintiffs to explain to the Court the reason for their delay in serving the remaining defendants within thirty days of the date of this Memorandum and Order.

### III. CONCLUSION

For the foregoing reasons, plaintiffs' claims against Southern Star, FNBA, Moonis and Aurora are dismissed without prejudice. The Clerk of the Court is directed to remove Southern Star, FNBA, Moonis and Aurora from the caption of this case. It is further ordered that plaintiffs explain to the Court their initial failure to serve defendants Maurice McDowell, Lost and Found Recovery, Inc. Home Mergers, LLC, Poui Land Services, LLC, Sofya Levy, Donnahue George, Carianne Johnson, and Chateau Properties with the summons and complaint within thirty days of the date of this Memorandum and Order.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: June 29, 2007
Central Islip, New York

\* \* \*

Plaintiffs appear *pro se*. The attorney for defendant Tom Moonis is Matthew Flanagan, Esq., L'Abbate, Balkan, Colavita & Contini, L.L.P., 1050 Franklin Avenue, Garden City, New York 11530. The attorney for defendant Southern Star Mortgage Corp. is Michael J. Langer, Esq., 100 Garden City Plaza, Suite 408, Garden City, New York 11530. The attorneys for defendant First National Bank of Arizona are Joseph Boyle, Esq. and Geoffrey W. Castello, Esq., Kelly Drye & Warren, L.L.P., 101 Park Avenue, New York, New York, 10178. The attorney for defendant Aurora Loan Services, Inc. is Samit G. Patel, Esq., Fein Such & Crane, L.L.P., 747 Chestnut Ridge Road, Suite 200, Chestnut Ridge, New York 10977.