# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————

№ 05-CV-4275 (JFB) (ARL)

———————————

SUSAN BLAIZE-SAMPEUR AND FRANTZ SAMPEUR,

Plaintiffs,

VERSUS

MAURICE MCDOWELL, LOST AND FOUND RECOVERY, INC.,
HOME MERGERS, L.L.C., POUI LAND SERVICES, L.L.C., SOFYA LEVY,
DONNAHUE GEORGE, TOM MOONIS, CARIANNE JOHNSON,
SOUTHER STAR MORTGAGE CORP., FIRST NATIONAL BANK
OF ARIZONA, AURORA LOAN SERVICES, INC., AND CHATEAU PROPERTIES,

Defendants.

———————————

ORDER ADOPTING REPORT AND RECOMMENDATION
January 2, 2008

———————————

JOSEPH F. BIANCO, District Judge:

Plaintiffs Susan Frantz Sampeur and Frantz Sampeur ("plaintiffs") filed the complaint in the instant action on September 8, 2005 against Maurice McDowell, Lost and Found Recovery, Inc., Home Mergers, LLC, Poui Land Services, LLC, Sofya Levy, Donnahue George, Tom Moonis ("Moonis"), Carianne Johnson, Southern Star Mortgage Corp. ("Southern Star"), First National Bank of Arizona, Aurora Loan Services, Inc. ("Aurora"), and Chateau Properties (collectively, "defendants"). The complaint asserts state law fraud claims and violations of the Racketeering Influenced and Corrupt Organization Act against all defendants.[1]

By Memorandum and Order dated June 29, 2007, the Court dismissed plaintiffs' claims against defendants Aurora, Southern Star, and Moonis (the "June 29 Order"). The Court also noted, based on a review of the docket sheet, that it was unclear whether

---

[1] Plaintiffs were initially represented by counsel, but have been proceeding *pro se* since March 2, 2006, when the Court granted counsel's motion to withdraw.

plaintiffs had served the summons and complaint on the remaining defendants. (June 29 Order at 7.) Thus, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the Court ordered plaintiffs to explain to the Court the reason for this delay within thirty days. (*Id.*) Moreover, the Court specifically warned plaintiffs that "in the absence of an explanation or reasonable excuse for failure to serve, dismissal without prejudice as to these defendants is warranted." (*Id.* at 7.)

By letter dated July 22, 2007, plaintiffs submitted a letter to the Court stating that they "recall serving all of the defendants initially." (June 22, 2007 Letter at 1.) By Order dated August 9, 2007, Magistrate Judge Lindsay ordered plaintiffs to submit an affidavit of service of the complaint on all remaining defendants (the "August 9 Order") by September 7, 2007. In the August 9 Order, Magistrate Judge Lindsay specifically warned plaintiffs that "the failure to provide proof of service will lead to a recommendation to District Judge Bianco that this case be dismissed." (August 9 Order at 1.)

Plaintiffs did not file this proof of service and did not communicate with the Court in any way (nor have they done so to date). Consequently, on December 12, 2007, Magistrate Judge Lindsay issued a Report and Recommendation (the "R&R") holding that the Court should dismiss plaintiff's case without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for plaintiffs' failure to prosecute. The R&R instructed plaintiffs to submit any objection within ten days. Plaintiffs did not file any objection. For the reasons set forth below, the Court adopts the R&R in its entirety and dismisses the instant action without prejudice pursuant to Rule 41(b).

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific, written objection" is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). .

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)); *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]ismissal [pursuant to Rule 41(b)] is a harsh remedy and is appropriate only in extreme situations."); *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."); *see also Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2d Cir. 1943) (citing *Blake v. De Vilbiss Co.*, 118 F.2d 346 (6th Cir. 1941)); *Refior v. Lansing Drop Forge Co.*, 124 F.2d 440, 444 (6th Cir. 1942) ("The cited rule [41(b)] enunciates a wellsettled [sic] concept of practice that a court of equity, in the exercise of sound judicial discretion, has general authority . . . to dismiss a cause for want of diligence in prosecution or for failure to comply with a reasonable order of the court made in the exercise of a sound judicial

discretion.").

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives. . . ." *Yulle v. Barkley*, No. 9:05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007) (citations omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); *see, e.g., Lucas*, 84 F.3d at 535; *Jackson v. City of New York*, 22 F.3d 71, 74-76 (2d Cir. 1994). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see Peart*, 992 F.2d at 461 ("'[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge . . . , [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.'") (quoting *Merker v. Rice*, 649 F.2d 171, 173-74 (2d Cir. 1981)).

Under the circumstances, all the above-referenced factors favor dismissal of the instant case. The Court has received no proof that plaintiffs have made service on any of the remaining defendants, even though over two years have elapsed since the complaint was filed. Moreover, plaintiffs have twice been warned – in the June 29 Order and in the August 9 Order – that failure to serve the complaint could result in dismissal. Nevertheless, plaintiffs failed to comply with Magistrate Judge Lindsay's order to file proof of service. No sanction less than dismissal will alleviate the prejudice to defendants of continuing to keep this action open and the Court needs to avoid calendar congestion and ensure an orderly and expeditious disposition of cases. Therefore, dismissal for failure to prosecute and comply with the Court's orders is clearly warranted.

Thus, having conducted a review of the full record and the applicable law, and having reviewed the R&R for clear error, Court adopts the findings and recommendations contained in the R&R in their entirety and dismisses the plaintiff's complaint without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. The Clerk of the Court is directed to close the case.

3

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: January 2, 2008
Central Islip, New York

\* \* \*

Plaintiffs appear *pro se*. The attorney for defendant Tom Moonis is Matthew Flanagan, Esq., L'Abbate, Balkan, Colavita & Contini, L.L.P., 1050 Franklin Avenue, Garden City, New York 11530. The attorney for defendant Southern Star Mortgage Corp. is Michael J. Langer, Esq., 100 Garden City Plaza, Suite 408, Garden City, New York 11530. The attorneys for defendant First National Bank of Arizona are Joseph Boyle, Esq. and Geoffrey W. Castello, Esq., Kelly Drye & Warren, L.L.P., 101 Park Avenue, New York, New York, 10178. The attorney for defendant Aurora Loan Services, Inc. is Samit G. Patel, Esq., Fein Such & Crane, L.L.P., 747 Chestnut Ridge Road, Suite 200, Chestnut Ridge, New York 10977.